IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TANYA S. FULLER                                                                           PLAINTIFF

   v.                          Civil No. 13-2198

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tanya Fuller, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff filed for DIB and SSI on January 10, 2011, alleging an onset date of September 1, 2000, due to social anxiety, mood swings, difficulty sleeping, fatigue, restless leg syndrome, and a goiter on her neck. Tr. 109-118, 154, 167-168, 184-185, 204. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 47-50, 53-60, 63-66. An administrative hearing was held on April 6, 2012. Tr. 31-46. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 36 years old and possessed a high school education. Tr. 34. She had no past relevant work ("PRW") experience. Tr. 18, 34-35, 155.

On May 24, 2012, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2002. Tr. 17. The ALJ then determined that Plaintiff had no medically determinable impairment prior to her date last insured. Tr. 22. Further, since January 10, 2011, he concluded that Plaintiff's restless leg syndrome, asthma, Grave's disease, high blood pressure, and antisocial personality disorder were not severe. Tr. 22-23.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on July 9, 2013. Tr. 1-5. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 14.

## II.   Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

AO72A
(Rev. 8/82)

**III.     Discussion:**

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

On appeal, Plaintiff makes the following arguments: 1) the ALJ erred in ending the sequential evaluation at step 2; 2) the ALJ conducted an improper credibility analysis; and, 3) the ALJ failed to properly develop the record. For the reasons enumerated below, we disagree.

**A.     Non-severe impairments:**

Step two of the evaluation states that a claimant is not disabled if his or her impairments are not severe. 20 C.F.R. § 416.920(a)(4). An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *id.* at 158, 107 S.Ct. 2287 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir.2007). And, alleged impairments may not be considered severe when they are stabilized by treatment and otherwise are generally unsupported by the medical record. *Johnston v. Apfel*, 210 F.3d 870, 875 (8th Cir. 2000); *see also Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) (Plaintiff bears the burden to establish severe impairments at step-two of the sequential evaluation); *see also Kirby v. Astrue*, 500 F.3d 705, 707 (8thCir. 2007) (impairment is not severe if it is only slight abnormality that would not significantly limit mental ability to do basic work activities).

Plaintiff contends that the ALJ failed to consider the severity of her impairments in combination, as she suffers from social anxiety, mood swings, difficulty sleeping, fatigue, restless leg syndrome, and a goiter on her neck. However, the record makes clear that the ALJ considered all of the Plaintiff's impairments. And, based on the ALJ's synopsis of her medical records and discussion of each of her alleged impairments, we conclude that the ALJ properly considered the combined effects of her impairments. *See Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992) (holding that ALJ properly considered whether claimant's impairments in combination were disabling by "separately discussing [the claimant's] physical impairments, affective disorder, and complaints of pain, as well as her daily level of activities").

We note that the record contains minimal medical evidence to support Plaintiff's allegations, no evidence of consistent treatment for any impairment, evidence that Plaintiff failed to follow the recommendations of her physician by not filling her prescription, and no evidence that Plaintiff sought out professional mental health treatment. The evidence also establishes that Plaintiff's blood pressure and restless leg syndrome were amenable to treatment, that she failed to seek out treatment for her asthma, and that the occasional treatment of her asthma via an inhaler was effective in controlling her symptoms. Further, Dr. Kathleen Kralik performed a mental consultative evaluation and concluded that Plaintiff was malingering.

Plaintiff also contends that the ALJ failed to consider whether her impairments prevented her from returning to her PRW as is required by Regulation 85-28. The regulation provides as follows

> If the medical evidence establishes only a slight abnormality(ies) which has no more than a minimal effect on a claimant's ability to do basic work activities, but evidence shows that the person cannot perform his or her past relevant work

5

> because of the unique features of that work, a denial at the "not severe" step of the sequential evaluation process is inappropriate. The inability to perform past relevant work in such instances warrants further evaluation of the individual's ability to do other work considering age, education and work experience.

SSR 85-28, 1985 WL 56856 * 4. We note that the ALJ did consider Plaintiff's prior employment, but we find no evidence to indicate that it was unique. And, Plaintiff has provided this Court with no argument to this effect.

In 2007, Plaintiff worked for one year as a hair salon assistant, cleaning and working the cash register. She also worked as a fast food worker for one day in 2008, one day in 2009, and for a few days in 2000, and worked as a general laborer for one day in 2003. Tr. 155. Dr. Kralik concluded that Plaintiff's failure to maintain employment was more the product of her failure to put forth the effort required to consistently perform the work than a product of her alleged impairments. She also opined that Plaintiff's ability to engage in activities of daily living, maintain social functioning, and perform the cognitive demands of work was adequate, but found her willingness to do so was poor. Accordingly, we find no error on the part of the ALJ.

### B. Subjective Complaints:

Plaintiff also alleges that the ALJ failed to conduct a proper credibility analysis, laying out specific reasons for his determination. The ALJ was required to consider all the evidence relating to Plaintiff's subject complaints, including evidence presented by third parties that relates to: 1) Plaintiff's daily activities; 2) the duration, frequency, and intensity of his or her pain; 3) precipitation and aggravating factors; 4) dosage, effectiveness, and side effects of his or her medication; and, 5) function restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount the Plaintiff's subjective complaints solely because

the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Id.* As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).

A review of the ALJ's opinion reveals that he did provide specific reasons for his credibility determination. The ALJ considered the following: 1) Plaintiff's sporadic work history which suggested Plaintiff's unemployment was more a product of her unwillingness to work than her inability to work, 2) the absence of objective medical evidence to establish the presence of a severe impairment(s), 3) Plaintiff's failure to seek out consistent treatment for her impairments, 4) Plaintiff's failure to seek out mental health treatment, 4) Dr. Kralik's assessment of malingering and exaggeration, 5) Plaintiff's history of drug use and felony drug convictions, 6) Plaintiff's admission that she does not take any prescription pain medication for her alleged pain, 7) the effectiveness of the medications prescribed to treat her high blood pressure, restless leg syndrome, and asthma, and 8) Plaintiff's ability to perform activities of daily living. *See*; *Forte v. Barnhart*, 377 F.3d 892, 895 (8th Cir. 2004) (holding that lack of objective medical evidence is a factor an ALJ may consider); *Edwards v. Barnhart*, 314 F.3d at 967 (holding that ALJ may discount disability claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment); *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001) ("A lack of work history may indicate a lack of motivation to work rather than a lack of ability."); *Simmons v. Massanari* , 264 F.3d 751, 756 (8th Cir. 2001) (upholding negative credibility finding based on conflicting statements and forgery conviction). Accordingly, we find substantial evidence to support the ALJ's credibility determination.

### C.     Develop the Record:

In her last argument, Plaintiff claims that the sparsity of medical evidence in the record required the ALJ to develop the record further.  The ALJ does owe a duty to a claimant to develop the record fully and fairly to ensure the decision is an informed decision based on sufficient facts.  *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision.  *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001).  The ALJ is only required to develop a reasonably complete record.  *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994).  Contrary to Plaintiff's allegation, the ALJ properly developed the record in this case.  He sent Plaintiff for consultative physical and mental examinations, which revealed nonsevere physical and mental impairments. And, there is no evidence to suggest that additional medical evidence exists to support the Plaintiff's allegations, or that additional consultative evaluations were needed.

Although Plaintiff contends that her lack of medical treatment is due to her inability to afford treatment, we note that she was never refused treatment due to her inability to pay. *Murphy v. Sullivan*, 953 F.2d 383, 386 (8th Cir. 1992).  Further, she availed herself of treatment through the Good Samaritan clinic, offering medical treatment to indigent and/or low income patients.  Accordingly, we can not say that her failure to seek out more consistent treatment is excused.

### IV.    Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

AO72A
(Rev. 8/82)

should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 24th day of July 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE